UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARGARET ANN BACH,

               Plaintiff,

v.                                                                                  Case No. 22-cv-0866-bhl

OFFICE OF LAWYER REGULATION,

               Defendant.

## DECISION AND ORDER

Plaintiff Margaret Ann Bach appeals from an Order of the United States Bankruptcy Court for the Eastern District of Wisconsin granting Defendant Wisconsin Office of Lawyer Regulation's motion for summary judgment. (ECF No. 1.) This Court affirms.

## FACTUAL BACKGROUND

Margaret Ann Bach's adult son, A.B., suffers from a rare medical condition that makes him a danger to himself and others. *See In re Disciplinary Proc. Against Bach*, 887 N.W.2d 335, 336 (Wis. 2016). Beginning in 2006, Bach (then A.B.'s court-appointed guardian) "engaged in extensive litigation regarding [A.B.'s] placement, level and quality of care, payment for that care, and guardianship." *Id.* "[I]n 2009, following a series of incidents," the court appointed a new guardian to replace Bach. *Id.* Bach, who was admitted to practice law in Wisconsin on July 5, 2011, filed numerous—ultimately unsuccessful—lawsuits challenging this appointment. *Id.*

In 2012, the circuit court judge presiding over A.B.'s guardianship case issued two orders, one denying Bach access to the confidential guardianship file and another enjoining her from "filing, without this Court's prior approval, either on her own [or A.B.'s] behalf . . . any complaint, petition, motion, or other request for relief . . . in [the] guardianship proceeding, or in any other proceeding before any other state or federal court or other tribunal . . . regarding A.B." *Id.* at 337. Undeterred, Bach continued to file lawsuits and also ordered transcripts from the guardianship file. *Id.* Thus, in September 2015, the Wisconsin Office of Lawyer Regulation (OLR) filed a disciplinary complaint against Bach, alleging six counts of professional misconduct. *Id.* at 338. A court-appointed referee concluded that Bach knowingly disobeyed the circuit court's orders in

violation of SCR 20:3.4(c), as alleged in the disciplinary complaint. *Id.* at 340-41. The Wisconsin Supreme Court accepted this conclusion, publicly reprimanded Bach for professional misconduct, and ordered that she pay the costs of the proceeding ($14,765.09) to the OLR. *Id.* at 341.

Bach subsequently filed for Chapter 7 bankruptcy relief and received a discharge. (ECF No. 5 at 8.) She then reopened her case and filed a complaint against the OLR, seeking a determination that her debt for costs was discharged in bankruptcy. (*Id.*) Applying *Osicka v. Office of Lawyer Regulation*, 25 F.4th 501 (7th Cir. 2022), the Bankruptcy Court ruled Bach's debt a non-dischargeable penalty under 11 U.S.C. Section 523(a)(7). *See In re Bach*, No. 20-23343-kmp, 2022 WL 2068679, at *2-4 (Bankr. E.D. Wis. June 8, 2022). The Court also declined to consider Bach's collateral attack on the circuit court's injunction and the Wisconsin Supreme Court's decision, citing the *Rooker-Feldman* doctrine. *Id.* at *4. Bach then timely appealed to this Court. (ECF No. 5 at 9.)

## LEGAL STANDARD

This Court reviews "the bankruptcy court's determinations of law de novo and its findings of fact for clear error." *In re Smith*, 582 F.3d 767, 777 (7th Cir. 2009).

## ANALYSIS[1]

Bach's appellant brief, ECF No. 4, does not even mention the *Osicka* decision central to the Bankruptcy Court's Order. Instead, it maligns *Rooker-Feldman*, a futile tactic that has become a feature of Bach's many federal lawsuits. *See In re Bach*, 2022 WL 2068679, at *4 n.1 (citing three prior federal court decisions rejecting, on *Rooker-Feldman* grounds, Bach's attempt to invalidate Wisconsin probate orders). As an ever-growing list of judges has explained to her, Bach cannot relitigate in this Court matters previously resolved in the Wisconsin state courts. The Bankruptcy Court correctly informed Bach that "[t]he *Rooker-Feldman* doctrine 'prevents the lower federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the lower federal court proceedings commenced."'" *Id.* (quoting *Lance v. Dennis*, 546 U.S. 459, 460 (2006)). "Claims that directly seek to set aside a state court judgment are *de facto* appeals that are barred without further analysis." *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). As the Bankruptcy Court

---

[1] For a fulsome discussion of final judgments in bankruptcy appeals and confirmation that this appeal is properly before this Court, see *Bach v. JPMorgan Chase Bank, NA*, No. 21-cv-1394-bhl, 2023 WL 315684, at *3 (E.D. Wis. Jan. 19, 2023).

explained, Bach's "remedy related to the Wisconsin Supreme Court's order was to pursue an appeal with the United States Supreme Court." *In re Bach*, 2022 WL 2068679, at *4. She unsuccessfully attempted that gambit. *Id.* Given that, this Court agrees with the Bankruptcy Court that "Ms. Bach may not seek to further 'appeal' [the Wisconsin Supreme Court's] decision to this Court." *Id.*

The Bankruptcy Court also properly held Bach's debt non-dischargeable. Under 11 U.S.C. Section 523(a)(7), a discharge does not discharge an individual debtor from any debt:

> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a government unit, and is not compensation for actual pecuniary loss, other than a tax penalty—
> (A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or
> (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition.

Bach argued before the Bankruptcy Court that her debt to the OLR was not a fine, penalty, or forfeiture and was compensation for actual pecuniary loss. *In re Bach*, 2022 WL 2068679, at *1. The Seventh Circuit's recent decision in *Osicka* dooms both arguments.

Wisconsin Supreme Court Rule 22.24(1m) "unambiguously singles out attorney discipline as a penal endeavor." *Osicka*, 25 F.4th at 506. And under binding Supreme Court precedent, Section 523(a)(7) excepts discharge for all penal sanctions. *Id.* (citing *Kelly v. Robinson*, 479 U.S. 36 (1986)). The Bankruptcy Court accurately applied this precedent to hold that Bach's debt to OLR constituted a non-dischargeable penalty. *See In re Bach*, 2022 WL 2068679, at *2.

Further, although Bach's debt to OLR equals the amount OLR expended to prosecute her, "[t]he incurrence of operating expenses to prosecute a disciplinary investigation is not an actual pecuniary loss." *Osicka*, 25 F.4th at 507. As the Bankruptcy Court noted, this means that Bach's debt to OLR is not compensation for actual pecuniary loss and is therefore exempted from discharge under Section 523(a)(7). *See In re Bach*, 2022 WL 2068679, at *3.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the decision of the Bankruptcy Court is **AFFIRMED**, and the appeal is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on January 24, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge